**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:07CV-P109-M**

**JAMES FRANKLIN WOODS**                                                                       **PLAINTIFF**

v.

**PAUL KNOWLES** *et al.*                                                                          **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, a convicted inmate currently incarcerated at the Hopkins County Jail, filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983") against the following jail employees/officials in both their official and individual capacities: 1) Paul Knowles; 2) Mrs. Zircanbach; 3) Mrs. Elaine Yeager; 4) Joe Blue; and 5) Brian Tucker. Plaintiff alleges that Defendants have violated his Fifth, Sixth, and Fourteenth Amendment rights by 1) failing to treat a painful urinary tract infection; and 2) charging him for a medical follow-up visit against jail policy. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will construe Plaintiff's Fourteenth Amendment claim relating to the failure to treat his urinary tract infection as an Eighth Amendment claim and allow it to proceed against Defendant Knowles in his individual capacity. The Court will dismiss the remainder of Plaintiff's claims for the reasons explained below.

**I. STANDARD OF REVIEW**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1). A claim is legally frivolous when it lacks an arguable basis either in law

or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, --U.S.--, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. Additionally, even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.*

## II. ANALYSIS

**A.    Sixth Amendment**

The Sixth Amendment of the United States Constitution provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. CONST. amend. VI.

The Court has carefully reviewed Plaintiff's complaint and cannot find any allegations that would establish a violation of the Sixth Amendment. Accordingly, the Court will dismiss Plaintiff's Sixth Amendment claims.

### B.     Fourteenth and Fifth Amendment Claims Related to Follow-up Medical Visit Charge

Plaintiff alleges that although it is jail policy not to charge for follow-up medical visits, on or about June 10, 2007, he was charged a "co-pay" in violation of the policy.  Under the Fourteenth Amendment a state may not deprive a person of his property without due process of law.  In *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), the Supreme Court stated that an unauthorized, intentional deprivation of property by a state employee "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Only after the state refuses to provide "a suitable postdeprivation remedy" does its liability in such a situation accrue.  *Id.*  ("For intentional … deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.").

An inmate may, however, bring a due process claim without showing that the state possesses an adequate postdeprivation remedy where the state employee deprived the prisoner of property, pursuant to "an established state procedure."  *Id.* at 534.  In those circumstances, the Supreme Court opined that the state can provide a predeprivation hearing.  *Id.*  Yet, under this rationale merely because the individual employee himself may foresee the intentional deprivation, his foresight alone is simply insufficient to hold the state itself liable.  Rather, "[t]he controlling inquiry is solely whether the state is in a position to provide for predeprivation process."  *Id.*  The Sixth Circuit has, thus, held that to prevail on a procedural due process claim, a plaintiff must 1) demonstrate that he is deprived of property as a result of established state procedure that itself violates due process rights; or 2) prove that the defendants deprived him of property pursuant to a "random and unauthorized act" and that available state remedies would

3

not adequately compensate for the loss. *See Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991). An inmate has the burden of pleading and proving that the state remedies for redressing the wrong are inadequate. *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir.1983). Kentucky's statutory remedy for such losses has been deemed adequate. *Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).

The same rationale applies to claims under the Fifth Amendment Takings Clause; that is, no taking has occurred absent a showing that available remedies have been pursued and have failed to provide adequate compensation. As explained by Justice O'Connor,

> [A] mere allegation of property deprivation does not by itself state a constitutional claim under either [the Due Process or Takings] Clause. The Constitution requires the Government, if it deprives people of their property, to provide due process of law and to make just compensation for any takings. The due process requirement means that Government must provide to the inmate the remedies it promised would be available. Concomitantly, the just compensation requirement means that the remedies made available must adequately compensate for any takings that have occurred. Thus, in challenging a property deprivation, the claimant must either avail himself of the remedies guaranteed by state law or prove that the available remedies are inadequate. When adequate remedies are provided and followed, no uncompensated taking or deprivation of property without due process can result.

*Hudson*, 468 U.S. at 539 (citations omitted).

Here, Plaintiff failed to meet his burden. He does not allege that the deprivation occurred as a result of an established policy. To the contrary, he alleges that he was charged in violation of the policy. Moreover, he fails to show that he does not possess an adequate postdeprivation remedy to redress this wrong. The Court will, therefore, dismiss his Fourteenth and Fifth Amendment claims premised on the alleged over-charge.

**C.     Fourteenth Amendment Claim Related to Denial of Medical Care**

Plaintiff states that at the time that he arrived at the Hopkins County Jail, that he was taking the antibacterial drug Bactrim for a urinary tract infection. Apparently, that treatment was not continued once he arrived at the jail. On or about May 15, 2007, Plaintiff states that he went

to the medical department complaining of pain in the lower groin area, but was given only ibuprofen which did nothing to clear up his lingering infection. On June 10, 2007, the pain was worse, and Plaintiff again visited the medical department. He alleges that he was once again only given ibuprofen. To this day, Plaintiff claims that he has still not received any medication to clear up his infection.

Plaintiff alleges that he has been a convicted inmate at all times relevant to the complaint. Accordingly, Plaintiff's claim is more properly construed as one brought under the Eighth Amendment. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001) (explaining that the Fourteenth Amendment protects pretrial detainees from deliberate indifference while the Eighth Amendment protects convicted inmates). Because the right to receive medical care is the same under the Eighth and the Fourteenth Amendments, the Court will construe Plaintiff's Fourteenth Amendment claim as an Eighth Amendment deliberate indifference claim. To sustain a cause of action for failure to provide medical treatment, a plaintiff must demonstrate that the defendants acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Court will now address whether Plaintiff has stated a claim against the named Defendants for denial of medical care under the Eighth Amendment.

### 1. Official capacity claims

Plaintiff's official capacity claims against Defendants are actually against Hopkins County. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). "A plaintiff seeking to hold a municipality liable under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its

duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Id.* at 403-04. "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404. "Beyond having to identify 'conduct properly attributable to the municipality itself,' [a plaintiff] must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Cherrington v. Skeeter,* 344 F.3d 631, 645 (6th Cir. 2003) (quoting *Bd. of County Comm'rs of Bryan County*, 520 U.S. at 404) (internal quotation marks omitted). For the purpose of initial review, it suffices to allege, that an individual officer's conduct conformed to official policy or custom. *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163, 165 (1993).

Plaintiff has failed to allege the existence of a governmental policy or custom relative to the nature of his complaints and claims, and nothing in the record demonstrates that the alleged injuries to Plaintiff resulted from application of a municipal policy or custom. As such, the Court will dismiss his official capacity claims for failure to state a claim.

**2.     Defendant Blue**

As for his claim against Defendant Blue, Plaintiff alleges, "Joe Blue is the Jailer here at Hopkins County Jail, I feel that he should be aware of the jail policy and how his medical staff is ran." Section 1983 liability must be based on more than *respondeat superior* or the right to control employees. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). "Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *K.F. v. Jefferson County Sch. Dist.*, No. 3:05CV-246-H, 2007 U.S. Dist. LEXIS 30707, at *8 (W.D. Ky. Apr. 25, 2007) (quoting *Shehee*, 199 F.3d at

6

300). The Sixth Circuit has stated, "[t]he law is clear that liability of supervisory personnel must be based on more than merely the right to control employees." *Hays v. Jefferson County*, 668 F.2d 869, 872 (6th Cir. 1982). Plaintiff does not allege that Defendant Blue was personally involved in his care. Rather, his sole theory of liability against him is that he failed to properly oversee Plaintiff's immediate care providers. This is insufficient to state a § 1983 against Defendant Blue.

      3.    **Defendants Zircanbach, Yeager and Tucker**

Plaintiff alleges that these Defendants are "the Class D Coordinators, they are overseers of this facility. I report any complaint to them. I feel my issues were disregarded and swept under the rug." Essentially, Plaintiff is complaining that these Defendants did not respond to his complaints and grievances. However, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 Fed. Appx. 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's complaint and/or grievance. Plaintiff's claim is against the subjects of his complaints/grievances. *See e.g.*, *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) (reversing denial of summary judgment to prison officials whose only involvement was the denial of administrative remedies); *Martin v. Harvey*, 14 Fed. Appx. 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). As such, the Court will dismiss Plaintiff's claims against these Defendants.

      4.    **Defendant Knowles**

Plaintiff claims that Defendant Knowles is the head nurse of the medical department and was in charge of Plaintiff's care, but failed to do anything over a period of several months to treat Plaintiff's painful urinary tract infection. Based on these allegations, the Court will allow

7

Plaintiff's Eighth Amendment individual capacity claim to proceed against Defendant Knowles for further development.

The Court will enter Orders consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
    Defendants
    Hopkins County Attorney

4414.008